1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

AHMED MOUNADDIF,

9

Petitioner,

CASE NO. C16-1520-RSM-MAT

10

v.

11

ICE FIELD OFFICE DIRECTOR,

REPORT AND RECOMMENDATION

12

Respondent.

13

14

15

16

17

18

19

20

Petitioner Ahmed Mounaddif, a native and citizen of Morocco, is proceeding *pro se* in this action filed under 28 U.S.C. § 2241 and the Administrative Procedures Act ("APA"), 5 U.S.C. § 701, *et seq.*  Respondent has filed a return memorandum and motion for summary judgment, seeking dismissal of this action with prejudice.  Petitioner did not file a response. Having considered the parties' submissions, the balance of the record, and the governing law, the Court recommends that respondent's motion be granted and this action be dismissed with prejudice.

21

BACKGROUND

22

23

The following facts are undisputed.  In June 1994, petitioner entered the United States on a six-month visitor's visa and never left.  *Mounaddif v. Gonzales*, No. C05-771-TSZ-JPD, Dkt.

REPORT AND RECOMMENDATION
PAGE - 1

1   19 at 2 (W.D. Wash. July 5, 2005), *R&R adopted at* Dkt. 22 (W.D. Wash. Aug. 9, 2005).[1]   In

2   June 2003, the Department of Homeland Security ("DHS") arrested him and placed him in

3   removal proceedings.  *Id.*  In June 2004, an Immigration Judge ("IJ") ordered him removed to

4   Morocco, and when petitioner did not appeal, that order became administratively final.  *Id.* at 2-

5   3.

6          In February 2005, petitioner filed a motion to reopen the immigration proceedings,

7   arguing that his counsel was ineffective for failing to appeal.  (Dkt. 7-1 at 7.)  His motion to

8   reopen was granted, and an IJ determined that he was eligible for and entitled to adjustment of

9   status.  (*Id.* at 7-8.)  In January 2008, the Board of Immigration Appeals ("BIA") vacated the IJ's

10  decision and granted petitioner voluntary departure.  (*Id.* at 10.)  Petitioner did not voluntarily

11  depart, and U.S. Immigration and Customs Enforcement ("ICE") issued a Warrant of

12  Removal/Deportation.  (*Id.* at 12, 15.)  ICE took petitioner into custody in December 2010.  (*Id.*

13  at 18-19.)

14         In July 2011, petitioner filed two petitions for review in the Ninth Circuit, which were

15  consolidated.  *See Mounaddif v. Lynch*, No. 11-72083 (9th Cir. 2011); *Mounaddif v. Lynch*, No.

16  11-72813 (9th Cir. 2011).  Petitioner's removal was stayed pending resolution of those cases.

17  *See Mounaddif*, No. 11-72083, Dkt. 20.  In March 2016, the Ninth Circuit denied his petitions.

18  *Id.*, Dkt. 47.  The mandate issued on September 16, 2016.  *Id.*, Dkt. 50.

19         While his petitions for review were pending, petitioner received a bond hearing.  The IJ

20  granted petitioner release on $10,000.00 bond, and he was released in December 2011.  (Dkt. 7-1

21  at 32, 34-38.)  The bond was conditioned on the obligor causing petitioner to appear before "an

22         _____

           [1] Petitioner's first habeas petition does not affect the instant action.  Petitioner has filed other actions in the
23  immigration courts and Ninth Circuit that likewise have no bearing on the instant action.  (*See* Dkt. 6 at 3-4
    (discussing petitioner's other actions).)  Accordingly, they will not be discussed.

REPORT AND RECOMMENDATION
PAGE - 2

immigration officer or an immigration judge of the United States, as specified in the appearance

notice, upon each and every request until exclusion/deportation/removal proceedings in his . . .

case are finally terminated." (*Id.* at 35.)  The bond also specified that if the obligor failed to

surrender petitioner in response to a timely demand while the bond remained in effect, the full

amount of the bond would become due and payable. (*Id.*)

On May 18, 2016, after the Ninth Circuit denied petitioner's petitions for review, ICE

issued a Warrant of Removal/Deportation. (*Id.* at 44.)  The following day, ICE sent a notice by

certified mail to petitioner's bond obligor, directing him to have petitioner report to ICE's Seattle

Field Office on June 23, 2016, for removal. (*Id.* at 47.)  The notice informed the obligor,

"Failure to deliver or have the alien appear in accordance with this demand may result in A

DECLARATION OF A BREACH OF THE BOND, its forfeiture to the government, and a

warrant for the arrest of the alien may be issued." (*Id.*)

Petitioner failed to report as directed, and on June 24, 2016, ICE issued a "Notice –

Immigration Bond Breached" to the obligor. (*Id.* at 49.)  The notice stated that petitioner

violated the conditions of his bond by failing to appear as directed and that the amount of his

bond was forfeited. (*Id.*)  The notice informed the obligor that he could appeal the bond breach

decision within 30 days, otherwise the decision would be final. (*Id.*)  There is no evidence in the

record that the obligor appealed, and petitioner has yet to present himself to ICE as ordered.

(Dkt. 8 at 2.)

In September 2016, petitioner initiated this action, seeking habeas and APA relief. (Dkts.

1 & 3.)  He argues that the warrant for his arrest and bond breach notification are unenforceable

because they were issued before the mandate in his Ninth Circuit cases. (Dkt. 3 at 2.)  He

contends that he was entitled to be at liberty until the mandate issued. (*Id.* at 3.)  Petitioner also

REPORT AND RECOMMENDATION
PAGE - 3

1  asserts he did not learn that he was supposed to report to ICE on June 23, 2016, until after the

2  time to appeal the bond breach determination had expired.  (*Id.* at 4.)  He asks the Court to

3  declare the bond breach determination unenforceable.  (*Id.*)

4                                   DISCUSSION

5  A.      PETITIONER'S APA CLAIM

6          Respondent moves for summary judgment on petitioner's APA claim, arguing that ICE's

7  bond breach determination was not arbitrary or capricious.  (Dkt. 6 at 5-6.)  Summary judgment

8  is appropriate when the "movant shows that there is no genuine dispute as to any material fact

9  and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *Anderson v.*

10  *Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).  The moving party bears the initial burden of

11  showing "that there is an absence of evidence to support the nonmoving party's case."  *Celotex*

12  *Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  If the moving party meets its initial responsibility,

13  the burden then shifts to the nonmoving party to establish a genuine issue of material fact for

14  trial.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-87 (1986).  In ruling

15  on a motion for summary judgment, the Court must draw all reasonable inferences in favor of the

16  nonmoving party, *id.* at 587, and may not weigh the evidence or make credibility determinations,

17  *Anderson*, 477 U.S. at 248.

18          Immigration bond breach determinations are reviewed under the APA.  *See United States*

19  *v. Gonzales & Gonzales Bonds & Ins. Agency, Inc.*, F. Supp. 2d 1077, 1089-92, 1096 (N.D. Cal.

20  2010) (collecting cases).  Accordingly, the Court can set aside an agency determination if it is

21  "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law."  5

22  U.S.C. § 706(2)(A).

23          DHS regulations provide, "A bond is breached when there has been a substantial

REPORT AND RECOMMENDATION
PAGE - 4

1    violation of the stipulated conditions." 8 C.F.R. § 103.6(e).  Under the regulations, ICE "shall

2    determine whether the bond shall be declared breached or cancelled, and shall notify the obligor

3    on Form I-323 or Form I-391 of the decision, and, if declared breached, of the reasons therefor,

4    and of the right to appeal in accordance with the provisions of this part." *Id.*  When "evaluating

5    whether a bond violation is substantial, [courts] look to four factors: (1) the extent of the breach;

6    (2) whether it was intentional or accidental on the part of the alien; (3) whether it was in good

7    faith; and (4) whether the alien took steps to make amends or place himself in compliance."

8    *Ruiz-Rivera v. Moyer*, 70 F.3d 498, 501 (7th Cir. 1995).  Thus, the Court must determine

9    whether respondent's "decision that the bond conditions were substantially violated was plainly

10   erroneous or inconsistent with 8 C.F.R. § 103.6(e)." *Id.*

11         In this case, ICE's determination that petitioner breached his bond was not plainly

12   erroneous or inconsistent with the governing regulations.  The breach was significant; the obligor

13   agreed to present petitioner "upon each and every request," and he failed to do so.  Petitioner

14   claims that he did not learn of the demand that he present himself until after ICE declared the

15   bond breached, but even if his breach was accidental or in good faith, he has not taken steps to

16   place himself in compliance.  He learned of the demand months ago, and he has not reported to

17   ICE or informed them of his current address.  Even viewing the undisputed evidence in

18   petitioner's favor, ICE's bond breach determination did not violate the APA, and respondent is

19   entitled to summary judgment on this claim.

20   B.    Petitioner's habeas petition

21         Respondent argues that petitioner is not entitled to habeas relief because he has not

22   identified any legal or constitutional error in ICE's bond breach determination.  (Dkt. 6 at 7-8.)

23   A petition for writ of habeas corpus may be granted if the petitioner is "in custody in violation of

REPORT AND RECOMMENDATION
PAGE - 5

the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  Although petitioner is not in ICE's physical custody, he is subject to a final order of removal, and federal courts have found the "in custody" requirement satisfied in such a situation.  *See Miranda v. Reno*, 238 F.3d 1156, 1159 (9th Cir. 2001) (citing *Williams v. INS*, 795 F.2d 738, 744-45 (9th Cir. 1986)).

At the time of petitioner's bond hearing in 2011, he was detained under § 1226(a).  *See Casas-Castrillon v. Dep't of Homeland Sec.*, 535 F.3d 942, 947-48 (9th Cir. 2008) (noncitizen who has filed petition for review and had removal stayed is detained under § 1226(a)).  That statute authorizes DHS to release a noncitizen on bond pending a decision on whether he or she is to be removed from the United States.  8 U.S.C. § 1226(a)(2)(A).  Section 1226(b) provides that DHS may revoke a bond issued under § 1226(a) "at any time," and redetain the noncitizen.  In addition, § 1226(e) prohibits judicial review of any decision under § 1226 to grant, revoke, or deny bond.  Courts, however, may review an IJ's bond determination for constitutional claims and legal error.  *Singh v. Holder*, 638 F.3d 1196, 1200 (9th Cir. 2011) (federal district courts retain habeas jurisdiction to review bond hearing determinations for constitutional claims and legal error).

Assuming without deciding that *Singh* applies to ICE's bond breach determination, petitioner fails to establish any constitutional or legal error.  ICE's demand that petitioner report to the Seattle Field Office was sent via certified mail to the obligor and gave him over a month to arrange for petitioner to appear.  The "Notice – Immigration Bond Breached" complied with the regulations:  it was issued on the appropriate form, provided the reason for the breach, and informed the obligor of the right to appeal.  *See* 8 C.F.R. § 103.6(e).  Petitioner complains that ICE improperly issued the warrant and demanded that he present himself before the mandates

REPORT AND RECOMMENDATION
PAGE - 6

issued in his petitions for review, but the terms if the bond do not limit when ICE may demand that he report.  (*See* Dkt. 7-1 at 34-35.)  Moreover, the mandate issued in September 2016, and petitioner still has not presented himself for removal.  Petitioner is not entitled to habeas relief, and his petition should be denied.

### CONCLUSION

The Court recommends that respondent's return memorandum and motion for summary judgment (Dkt. 6) be GRANTED, petition's habeas petition be DENIED, and this action be DISMISSED with prejudice.  A proposed order accompanies this Report and Recommendation.

### DEADLINE FOR OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed.  Failure to file objections within the specified time may affect your right to appeal.  Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed.  Responses to objections may be filed within **fourteen (14) days** after service of objections.  If no timely objections are filed, the matter will be ready for consideration by the District Judge on **February 3, 2017**.

DATED this 9th day of January, 2017.

Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 7